O

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### LAREDO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CRIMINAL NO.: L-05-1162mj-01 |
| § | |
| Juan CONTRERAS § | |
| § | |
| Defendant. § | |

**PROBABLE CAUSE FINDING**

**I.  Facts**

Defendant was charged by criminal complaint on May 5, 2005, with knowingly and unlawfully possessing, with the intent to distribute, approximately 35.45 kilograms of marijuana in violation of Title 21, United States Code, Section 841(a)(1).  On May 10, 2005, this court held a preliminary examination hearing to determine whether there was probable cause to detain the defendant.  At the preliminary examination hearing, the government presented U.S. Immigration and Customs Enforcement ("ICE") Special Agent Bruce Henderson as its sole witness.  Agent Henderson stated that he has been a U.S. Customs Inspector since 2001, and that he has been assigned to work in Laredo, Texas since September 2004.

Agent Henderson stated that on May 4, 2005, at approximately 6:15 a.m., he went with a group of U.S. Marshals to execute a federal arrest warrant on Javier Contreras at 1403 San Carlos in Laredo, Texas.  Agent Henderson testified that Javier is the defendant's brother, and

that the U.S. Marshals had information that the brothers were living at 1403 San Carlos. Agent Henderson stated that he went around to the back of the house to secure a rear entrance and noticed a strong odor of marijuana coming from a vehicle parked approximately 4-5 feet from the back door of the house. Agent Henderson stated that the vehicle was situated with the truck backed up to the rear door of the house. Agent Henderson testified that the he saw two rolls of cellophane in plain view inside the vehicle.

    Agent Henderson stated that when U.S. Marshals knocked on the front door of the house, the defendant answered and allowed the Marshals inside the house to look for Javier. Agent Henderson stated that the Marshals were inside the house for approximately 5-10 minutes, but did not find Javier Contreras. Agent Henderson testified that the defendant then gave his written consent to search the entire premises, including vehicles on the premises. Agent Henderson stated that a Border Patrol canine unit was called in and positively alerted to the presence of narcotics in the vehicle parked at the back door of the house. Agent Henderson testified that he asked the defendant for the keys to the vehicle, that the defendant got the keys to the car from inside the house, and gave them to Agent Henderson. Agent Henderson stated that there were approximately 35 kilograms of marijuana wrapped in cellophane in the vehicle's trunk, as well as a roll of cellophane and a vacuum-sealing machine.

    Agent Henderson testified that inside the house there was a scale sitting by the back door, cellophane under the defendant's bed, a small amount of marijuana in a gallon bag and $1,600.00 in currency located in a safe in the defendant's bedroom, and marijuana residue on the kitchen table. Agent Henderson stated that the vehicle parked by the back door was last registered to owners in Austin, Texas, and that they stated it had been repossessed in 2000. Agent Henderson testified that the defendant was arrested, advised of his rights, and chose to waive his rights. Agent Henderson stated that the defendant said the vehicle belonged to a customer of the auto body shop where he worked, but that there was no room to store the

vehicle at the shop so it was being stored at his house; the defendant said that he did not know who the owner of the vehicle was.

Defense counsel cross-examined Agent Henderson regarding his testimony. Upon cross-examination, Agent Henderson stated that there were approximately 5 vehicles parked on the rear part of the lot and 2 vehicles at the front of the house. Agent Henderson stated that ownership searches on those vehicles were in progress. Agent Henderson testified that when the defendant retrieved the keys for the vehicle parked at the back door, there were several other sets of keys on the defendant's dresser. Agent Henderson stated that during the course of the investigation, the defendant was cooperative and appeared fully awake. Agent Henderson testified that marijuana was found in several locations throughout the house: in the small safe in the defendant's bedroom, in a small safe located in defendant's step-son's room, in a small bag in his step-son's closet, in a bag in his step-son's dresser, and in a small bag on some bookshelves in a common area. Agent Henderson stated that he was not testifying that the marijuana found in the defendant's bedroom was from the same batch as the marijuana found in the trunk of the vehicle. Agent Henderson stated that marijuana was not found in any of the other vehicles on the property. Other than the cross-examination, the defendant did not present any additional testimony as to probable cause.

## II. Analysis

Preliminary examination hearings afford magistrates an opportunity to determine whether there is probable cause to detain a defendant. 1 Fed. Prac. & Proc. Crim.3d § 86 (R 5.1). There is a two-part test to determine whether probable cause exists: belief that an offense has been committed; and belief that the defendant committed it. *See* Fed. R. Crim. Pro. 5.1(a). The probable cause threshold is low. A magistrate may find probable cause if the government shows "evidence sufficient to cause a person of ordinary prudence and caution to conscientiously entertain a reasonable belief of the accused's guilt." 1 Fed. Prac. & Proc.

Crim.3d § 86 n.3 (R 5.1) (internal quotations and citations omitted).

Additionally, according to Federal Rule of Criminal Procedure 5.1(a), "[t]he finding of probable cause may be based upon hearsay evidence *in whole or in part*." (emphasis added). Based on the testimony presented, the government has met its burden.

### III. Finding

Based on the evidence presented, **THIS COURT FINDS THAT THERE IS PROBABLE CAUSE** to hold the defendant to answer in district court, in accordance with Federal Rule of Criminal Procedure 5.1.

DONE at Laredo, Texas, this 11th day of May, 2005.

_____
Adriana Arce-Flores
United States Magistrate Judge